■ In the Matter of PAIGE LEEDS et al., Respondents, v PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Appellant. [865 NYS2d 349]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the Port Washington Union Free School District, the Port Washington Union Free School District appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated November 28, 2007, which granted the petition.

Ordered, that the order is affirmed, with costs.

To commence a tort action against a municipality or school district, General Municipal Law § 50-e (1) (a) requires a claimant to serve a notice of claim upon that municipality or school district within 90 days of the date that the claim arose (*see Jordan v City of New York*, 41 AD3d 658, 659 [2007]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]; *Matter of Lodati v City of New York*, 303 AD2d 406, 406-407 [2003]). In determining whether or not to grant leave to serve a late notice of claim, a court must consider: (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter; (2) whether the petitioner was an infant or mentally or physically incapacitated; (3) whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim; and (4) whether the delay would substantially prejudice the public corporation in maintaining its defense (*see* General Municipal Law § 50-e [5]; *Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901 [2008]; *Jordan v City of New York*, 41 AD3d at 659; *Matter of Lodati v City of New York*, 303 AD2d at 407). The presence or absence of any one of these factors is not necessarily determinative (*see Matter of Dell'Italia v Long Is. R.R. Corp.*,

31 AD3d 758, 759 [2006]; *Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938, 939 [1994]), and the absence of a reasonable excuse is not necessarily fatal (*see Jordan v City of New York*, 41 AD3d 658, 659 [2007]; *Matter of March v Town of Wappinger*, 29 AD3d 998, 999 [2006]). "However, whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim is seen as 'a factor which should be accorded great weight' " (*Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006], quoting *Matter of Morris v County of Suffolk*, 88 AD2d 956, 956 [1982], *affd* 58 NY2d 767 [1982]; *see Matter of Battle v City of New York*, 261 AD2d 614, 615 [1999]). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the petition pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. The record clearly indicates that the appellant received timely actual notice of the essential facts constituting the claim within the 90-day statutory period, or within a reasonable time thereafter (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 149-150). Immediately following the occurrence of the incident, the actions taken by the appellant's employees placed it on notice of the infant petitioner's accident and any potential claim that might arise therefrom. In particular, the appellant's employee witnessed the infant petitioner's accident, which occurred on a sanctioned school field trip, and prepared a student incident report within 24 hours of the accident. In addition, the school's principal, also an employee of the appellant, reviewed the student incident report within two days of the accident, and, due to the injuries sustained by the infant petitioner, the principal provided the petitioners with a medical claim form within four days of the accident (*see Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Matter of Schiffman v City of New York*, 19 AD3d 206, 207 [2005]; *Ayala v City of New York*, 189 AD2d 632, 633 [1993]; *see also Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]).

Furthermore, by demonstrating that the appellant acquired timely knowledge of the essential facts of the claim, the petitioners met their initial burden of establishing a lack of substantial

prejudice to the appellant should late service of the notice of claim be allowed (*see Jordan v City of New York*, 41 AD3d at 660; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Matter of Schiffman v City of New York*, 19 AD3d at 207; *see also Williams v Nassau County Med. Ctr.*, 6 NY3d at 539). The appellant's conclusory assertion that it will be unable to investigate the petitioners' claim due to the passage of time was insufficient to overcome the petitioners' showing of a lack of substantial prejudice (*see Jordan v City of New York*, 41 AD3d at 660; *Gibbs v City of New York*, 22 AD3d at 720). The absence of a reasonable excuse for the delay does not bar the court from granting leave to serve a late notice of claim, since here, there is actual notice and an absence of prejudice (*see Matter of Rivera-Guallpa v County of Nassau*, 40 AD3d 1001, 1002 [2007]; *Gibbs v City of New York*, 22 AD3d 717, 720 [2005]; *Montero v New York City Health & Hosps. Corp.*, 17 AD3d 550, 550-551 [2005]; *Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]).

Accordingly, the Supreme Court providently exercised its discretion in granting the petition. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.