◼ In the Matter of MOSES ALLENDE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [894 NYS2d 472]—

The Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on the City of New York. The City correctly contends that it is not liable to the petitioners for this incident, which occurred on public school premises, since it does not operate, maintain, or control the public schools (*see Myers v City of New York*, 64 AD3d 546, 547 [2009]; *Leacock v City of New York*, 61 AD3d 827 [2009]; *Perez v City of New York*, 41 AD3d 378, 379 [2007]). While the merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim, where the proposed claim is patently without merit, leave to serve a late notice of claim should be denied (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924, 925 [2008]; *Matter of State Farm Fire & Cas. Co. v Village of Bronxville*, 24 AD3d 453, 454 [2005]; *Matter of Finneran v City of New York*, 228 AD2d 596 [1996]). The petitioners' claim of negligent supervision by school employees is patently without merit with respect to the City, and leave to serve a late notice of claim on the City was properly denied.

However, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on the New York City Department of Education (hereinafter the DOE). The record indicates that the DOE received actual knowledge of the essential facts constituting the claim within the 90-day statutory period or within a reasonable time thereafter (*see* General Municipal Law § 50-e [1], [5]; *cf. Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 149-150 [2008]). The actions taken by the DOE immediately following the incident, which occurred on the school playground during recess, placed it on notice of the incident and any potential claim that might arise therefrom. In particular, immediately after the incident, the school nurse treated the infant petitioner's injury and sent him to the hospital, and the assistant principal prepared an occurrence/comprehensive injury report on the day of the

incident and updated that report five days after the incident (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *Friedman v Syosset Cent. School Dist.*, 154 AD2d 337 [1989]; *Pepe v Somers Cent. School Dist.*, 108 AD2d 799, 800 [1985]). In addition, the infant petitioner's mother met with the principal and assistant principal on the next school day after the incident and reiterated her prior complaints regarding the school's supervision of her son and the other student involved in this incident (*see Matter of McLean v Valley Stream Union Free School Dist.*, 30, 48 AD3d 571 [2008]; *Matter of Howe v Village of Trumansburg*, 169 AD2d 1018, 1019 [1991]). By demonstrating that the DOE acquired timely knowledge of the essential facts of the claim and conducted an investigation, the petitioners met their initial burden of establishing a lack of substantial prejudice to the DOE should late service of the notice of claim be allowed (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735-736; *Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901, 902 [2008]; *Catterson v Suffolk County Dept. of Health Servs.*, 49 AD3d 792 [2008]; *Jordan v City of New York*, 41 AD3d 658, 660 [2007]). The DOE's conclusory assertion that it will be unable to investigate the petitioners' claim due to the passage of time was insufficient to overcome the petitioners' showing of a lack of substantial prejudice (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 736; *Jordan v City of New York*, 41 AD3d at 660; *Gibbs v City of New York*, 22 AD3d 717, 720 [2005]).

Although the petitioners' principal excuse for failing to serve a timely notice of claim, fear of retaliation, was not reasonable and unrelated to the infancy (*see Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]; *Doukas v East Meadow Union Free School Dist.*, 187 AD2d 552, 553 [1992]), where there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of a petition for leave to serve a late notice of claim (*see Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 624 [2006]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.