■ KIM L., Respondent, v PORT JERVIS CITY SCHOOL DISTRICT, Appellant. [908 NYS2d 725]—

In an action to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated July 22, 2009, which, inter alia, granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim, (2) an order of the same court, also dated July 22, 2009, which denied its motion pursuant to CPLR 3211 (a) (5) and General Municipal Law § 50-e (1) (a) to dismiss the complaint as time-barred, and (3) an order of the same court, also dated July 22, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the first order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to serve a late notice of claim to the extent it was on behalf of the plaintiff, in her individual capacity, and substituting therefor a provision denying that branch of the motion; as so modified, the first order is affirmed; and it is further,

Ordered that the second order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion pursuant to CPLR 3211 (a) (5) and General Municipal Law § 50-e (1) (a) which was to dismiss the complaint as time-barred insofar as asserted by the plaintiff, in her individual capacity, and substituting therefor a provision granting that branch of the motion to the extent of dismissing so much of the complaint insofar as asserted by the plaintiff, in her individual capacity, as is based on acts occurring prior to November 6, 2004, and otherwise denying that branch of the motion; as so modified, the second order is affirmed; and it is further,

Ordered that the third order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's son allegedly was forced by another student to participate in sexual acts in school bathrooms during the end of his third-grade year (from February 2004 to June 2004), and in the first half of his fourth-grade year (until November 2004). He first informed the plaintiff of these incidents on November 16, 2004. The next day, the plaintiff met with employees of the defendant school district (hereinafter the school district), namely the principal and vice-principal, and disclosed what her son had related to her. She also filled out and submitted a formal sexual harassment complaint form provided by the principal.

The day after meeting with the school officials, the plaintiff contacted the police. A police officer met with the principal of the school who, in turn, contacted the superintendent of the school district. The superintendent told the police officer that the school district and the police department should engage in a joint investigation involving law enforcement sexual abuse investigators as well as school psychiatric professionals.

The plaintiff's son was approved for home tutoring by the principal and the superintendent. The principal testified that she based her approval on a note she received from a doctor or a therapist. The plaintiff, herself employed by the school district, was granted medical leave to care for her son. The plaintiff's son was eventually enrolled in a private school less than two months after the allegations surfaced.

The plaintiff served a notice of claim on February 4, 2005,

and subsequently commenced this action against the school district. The school district moved to dismiss the complaint on the ground that, among other things, the notice of claim failed to meet the specificity requirements of General Municipal Law § 50-e (2) as to the dates, times, and locations of the alleged acts. The Supreme Court denied the motion and this Court affirmed (see *Kim L. v Port Jervis City School Dist.*, 40 AD3d 1042 [2007]).

The school district thereafter moved pursuant to CPLR 3211 (a) (5) and General Municipal Law § 50-e (1) (a) to dismiss the complaint as time-barred. The plaintiff moved to deem the notice of claim timely served nunc pro tunc or, in the alternative, for leave to serve a late notice of claim. The Supreme Court, citing this Court's determination of the prior appeal, denied the school district's motion as barred by the doctrine of res judicata, and denied the plaintiff's motion as academic. This Court reversed and remitted the matter for a determination of both motions on the merits (see *Kim L. v Port Jervis City School Dist.*, 61 AD3d 825 [2009]).

Prior to the determination of the second appeal, the school district moved for summary judgment dismissing the complaint on the grounds that it did not have notice of the alleged sexual acts and that it had provided adequate supervision. In three separate orders, all dated July 22, 2009, the Supreme Court (1) granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim, (2) denied the school district's motion to dismiss the complaint as time-barred, and (3) denied the school district's motion for summary judgment dismissing the complaint.

Contrary to the school district's contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim on behalf of her son. The record demonstrates that the school district received timely actual notice of the essential facts constituting the claim within the 90-day statutory period, or within a reasonable time thereafter (see *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *Matter of Kelli A. v Galway Cent. School Dist.*, 241 AD2d 883 [1997]; *cf. Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1106 [2007]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010 [2006]). Moreover, "by demonstrating that the [school district] acquired timely knowledge of the essential facts of the claim, the petitioner[ ] met [her] initial burden of establishing a lack of substantial preju-

dice to the [school district] should late service of the notice of claim be allowed" (*Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735-736; *see Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901, 903 [2008]; *Matter of Trusso v Board of Educ. of Jamestown City School Dist.*, 24 AD3d 1302, 1303 [2005]). In response, the school district's contentions were "insufficient to overcome the [plaintiff's] showing of a lack of substantial prejudice" (*Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 736; *see Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d at 748).

However, although the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim on behalf of her son, it erred in granting that branch of her motion which was for leave to serve a late notice of claim in her individual capacity. "The infancy toll (*see* CPLR 208) is personal to the infant . . . and does not extend to [a] derivative cause of action" (*Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d at 748; *see Matter of Ricci v Harrison Cent. School Dist.*, 27 AD3d 653, 653-654 [2006]; *Nardi v County of Nassau*, 18 AD3d 520, 521 [2005]). Accordingly, any causes of action asserted by the plaintiff in her individual capacity must be dismissed as time-barred to the extent that they are based on acts occurring prior to November 6, 2004, since the notice of claim dated February 4, 2005, was not timely served with respect to such acts (*see* General Construction Law § 20; *accord Matter of Daniel J. v New York City Health & Hosps. Corp.*, 77 NY2d 630, 634 [1991]; *Rivera v Brookdale Hosp. Med. Ctr.*, 205 AD2d 677 [1994]).

The Supreme Court properly denied the school district's motion for summary judgment dismissing the complaint. The school district's own submissions demonstrated the existence of triable issues of fact as to whether it was negligent in permitting the other student to repeatedly follow the infant plaintiff to the bathroom where the two remained, unsupervised, for periods of time sufficient to permit them to perform the acts alleged (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944 [1997]; *Doe v Fulton School Dist.*, 35 AD3d 1194 [2006]; *Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588 [2004]; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387 [2004]; *Murray v Research Found. of State Univ. of N.Y.*, 283 AD2d 995 [2001]). Since the school district failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.