In the Matter of ANITA NURSE, Appellant, v CITY OF NEW YORK et al., Respondents. [928 NYS2d 65]—

On December 2, 2008, the petitioner, employed by the New York City Police Department as a school safety agent, and assigned to I.S. 59 in Springfield Gardens, allegedly was attacked by a student in a third-floor hallway of the school during school hours. The attack rendered the petitioner unconscious and she was transported to the hospital by ambulance. It is undisputed that the attack was witnessed by two other school safety agents and school personnel, including the principal. Furthermore, the petitioner alleged, without contradiction, that prior to December 2, 2008, she had been informed by the assistant principal that the perpetrator had been removed from the school due to her violent behavior but that she would be present in the school for two or three days because of a mix-up or problem with placing her elsewhere.

In late February 2010, within one year and 90 days of the incident giving rise to the claim, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York, the New York City Department of Education (hereinafter the Department of Education), and the New York City Administration for Children's Services. In an order dated May 26, 2010, the Supreme Court denied the petition. The petitioner appeals

from so much of the order as, in effect, denied that branch of her petition which was for leave to serve a late notice of claim upon the Department of Education. We reverse the order insofar as appealed from.

"In determining whether to grant leave to serve a late notice of claim, a court must consider whether: (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant or mentally or physically incapacitated, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim, and (4) the delay would substantially prejudice the public corporation in its defense" (*Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d 704, 704-705 [2011]). The presence or absence of any one factor is not necessarily determinative (*id.* at 705), but whether the public corporation had actual knowledge of the essential facts constituting the claim is "the most important, based upon its placement in the statute and its relation to other relevant factors" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). General knowledge that a wrong has been committed is not enough to satisfy the actual knowledge requirement (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148; *see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 735 [2008]).

The Supreme Court improvidently exercised its discretion in, in effect, denying that branch of the petition which was for leave to serve a late notice of claim upon the Department of Education. The petitioner demonstrated that the Department of Education acquired actual knowledge of the facts constituting the claim within the 90-day statutory period or a reasonable time thereafter (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777-778 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735). As such, she met her burden of demonstrating that the Department of Education would not be substantially prejudiced in defending the claim by reason of the delay (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d at 778; *Matter of Allende v City*

*of New York*, 69 AD3d 931, 933 [2010]). In light of the fact that the Department of Education had actual knowledge of the facts constituting the claim and will not be substantially prejudiced by the delay, the petitioner's failure to demonstrate a reasonable excuse for the delay does not bar the granting of leave to serve a late notice of claim (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d at 778; *Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d 820, 821-822 [2009]).

The Department of Education's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.