■ In the Matter of DESTINEE LAVENDER, Respondent, v GARDEN CITY UNION FREE SCHOOL DISTRICT, Appellant. [939 NYS2d 568]—

In a proceeding pursuant to General Municipal Law § 50-e (5), inter alia, for leave to serve a late notice of claim, Garden City Union Free School District appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated July 12, 2011, which granted the petition.

Ordered that the order is affirmed, with costs.

Under General Municipal Law § 50-e (5), in determining whether to grant leave to serve a late notice of claim, the court must consider various factors, of which the "most important, based on its placement in the statute and its relation to other relevant factors" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]), is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2009]). Additional factors relevant to whether a petition for leave to serve a late notice of claim should be

granted include whether the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, whether the claimant had a reasonable excuse for the delay, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870 [2010]).

Here, the appellant acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident, since its employees were directly involved in the accident and the police accident report gave reasonable notice from which it could be inferred that a potentially actionable wrong had been committed by the appellant and that the petitioner was injured as a result thereof (*see Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist.*, 90 AD3d 761, 762 [2011]; *Matter of Boskin v New York City Tr. Auth.*, 44 AD3d 851, 852 [2007]). Furthermore, the petitioner met her initial burden of demonstrating a lack of substantial prejudice to the appellant should service of the late notice of claim be allowed (*see Kim L. v Port Jervis City School Dist.*, 77 AD3d 627, 629-630 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 735-736 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152). In response, the appellant's contentions were insufficient to overcome the petitioner's showing of a lack of substantial prejudice (*see Kim L. v Port Jervis City School Dist.*, 77 AD3d at 630; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 736).

Finally, the absence of a reasonable excuse for the delay does not bar the granting of the petition for leave to serve a late notice of claim where, as here, there is actual knowledge and an absence of prejudice (*see Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist.*, 90 AD3d at 761; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d at 778; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735). Accordingly, the Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.