■ In the Matter of ADRIANE McLEOD, Respondent, v CITY OF NEW YORK et al., Appellants. [962 NYS2d 641]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York and the New York City Department of Education appeal from an order of the Supreme Court, Kings County (Ash, J.), dated February 1, 2012, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's infant son allegedly was injured inside the gymnasium of a middle school in Brooklyn while playing tackle football without any safety equipment. The Supreme Court granted the petition for leave to serve the City of New York and the New York City Department of Education (hereinafter together the City defendants) with a late notice of claim.

In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim and the subsequent delay in seeking leave to serve a notice of claim, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Bazile v City of New York*, 94 AD3d 929, 929-930 [2012]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870 [2010]).

Here, the City defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, as indicated by an affidavit from the petitioner, wherein she stated that immediately following her son's injury, a teacher's aide took her son to the hospital where he was admitted and underwent surgery, and remained for two weeks. The petitioner further stated that within one month after the incident, she told the dean of the school that she was upset that her son was permitted to play tackle football without safety equipment during gym class, and that she wanted to make a claim against the school (*see Fredrickson v New York City Hous. Auth.*, 87 AD3d 425 [2011]; *Cruz v City of Yonkers*, 268 AD2d 501 [2000]). Furthermore, the City defendants would not be substantially prejudiced in their ability to maintain a defense.

Although the petitioner failed to provide a reasonable excuse for failing to timely serve a notice of claim, under the circumstances of this case, that is not fatal to the petition (*see Gonzalez v County of Nassau*, 57 AD3d 480 [2008]).

The record is inadequate to permit review of the City defendants' remaining contention (*see Matison v County of Nassau*, 290 AD2d 494 [2002]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.