In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Connetquot Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated December 3, 2012, as granted that branch of the petition which was for leave to serve a late notice of claim upon it.
Ordered that the order is affirmed insofar as appealed from, with costs.
In determining whether to permit service of a late notice of claim upon a school district, the court must consider all relevant circumstances, including whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner’s infancy and the delay in service of a notice of claim, (3) the petitioner had a reasonable excuse for the delay, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 538 [2006]; Matter of *1010 Diggs v Board of Educ. of City of Yonkers, 79 AD3d 869, 869-870 [2010]; Matter of Avalos v City of N.Y. Bd. of Educ., 67 AD3d 675 [2009]; Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 544 [2009]).
Here, the Connetquot Central School District (hereinafter the District) acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose. The District’s employee witnessed the infant petitioner’s accident, which occurred during supervised cheerleading practice, and a designated school authority prepared a medical claim form within a week after the accident (see Matter of Funkhouser v Middle Country Cent. Sch. Dist., 102 AD3d 689, 690 [2013]; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777-778 [2010]; Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734, 735 [2008]). Furthermore, the infant petitioner was transported from the school to the hospital to be treated for a broken arm (see Matter of McLeod v City of New York, 105 AD3d 744 [2013]; Matter of Allende v City of New York, 69 AD3d 931, 933 [2010]; Matter of Zimmet v Huntington Union Free School Dist. [District No. 3], 187 AD2d 436 [1992]). Since the District acquired timely knowledge of the essential facts constituting the petitioners’ claim, the petitioners met their initial burden of showing a lack of prejudice (see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026 [2011]; Matter of Allende v City of New York, 69 AD3d at 933; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]). The District’s conclusory assertions of prejudice, based solely on the petitioners’ two-month delay in serving the notice of claim, were insufficient to rebut the petitioners’ showing (see Matter of Rodriguez v Woodhull Sch., 105 AD3d 1050 [2013]; Matter of Joy v County of Suffolk, 89 AD3d at 1026; Jordan v City of New York, 41 AD3d 658, 660 [2007]).
While the petitioners’ excuses for their failure to serve a timely notice of claim were not reasonable (see Matter of Wright v City of New York, 99 AD3d 717, 718 [2012]; Rowe v Nassau Health Care Corp., 57 AD3d 961, 963 [2008]; Matter of Termini v Valley Stream Union Free School Dist. No. 13, 2 AD3d 866, 868 [2003]), the absence of a reasonable excuse is not fatal to the petition where, as here, there was actual notice and an absence of prejudice (see Matter of Lavender v Garden City Union Free School Dist., 93 AD3d 670, 671 [2012]).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the District. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.