■ In the Matter of ALLSTATE INSURANCE COMPANY, as Subrogee of Melissa Koblin, Appellant, v WASHINGTONVILLE CENTRAL SCHOOL DISTRICT, Respondent. [972 NYS2d 330]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated June 5, 2012, which denied the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.

In determining whether to grant an application for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (3) the claimant failed to serve a timely notice of claim by reason of its justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier, and (4) the delay would substantially prejudice the public corporation in its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Matter of McLeod v City of New York, 105 AD3d 744 [2013]; Matter of Khalid v City of New York, 91 AD3d 779, 780 [2012]; Matter of Billman v Town of Deerpark, 73 AD3d 1039 [2010]).

Here, the respondent acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident from the petitioner's letters dated April 14, 2011, and June 15, 2011, respectively, and supporting documentation. Moreover, the petitioner met its initial burden of demonstrating a lack of substantial prejudice to the respondent should service of the late notice of claim be allowed (see Kim L. v Port Jervis City School Dist., 77 AD3d 627, 629-630 [2010]; Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734, 735-736 [2008]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]). In response, the respondent's contentions were insufficient to overcome the petitioner's showing of a lack of substantial prejudice (see Matter of Lavender v Garden City Union Free School Dist., 93 AD3d at 671). The absence of a reasonable excuse for the delay does not bar the

granting of leave to serve a late notice of claim where, as here, there is actual knowledge and an absence of substantial prejudice (*see id.*; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 736).

Accordingly, the petition should have been granted. Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.