In the Matter of FREDERICK GRANDE et al., Respondents, v CITY OF NEW YORK et al., Appellants. [20 NYS3d 143]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the appeal is from (1) an order of the Supreme Court, Kings County (Baynes, J.), dated October 25, 2013, which granted the petition, and (2) an order of the same court dated November 7, 2014, which denied their motion for leave to renew their opposition to the petition.

Ordered that the orders are affirmed, with one bill of costs.

The petitioner Frederick Grande allegedly was injured when he fell from a ladder while working at a construction site in Brooklyn. The New York City Department of Environmental Protection (hereinafter the DEP) was the general contractor for the project. The Supreme Court granted the petition for leave to serve the City of New York and the DEP (hereinafter together the appellants) with a late notice of claim or to deem the petitioners' late notice of claim timely served nunc pro tunc. Subsequently, the appellants moved for leave to renew their opposition to the petition, and the Supreme Court denied the motion.

In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3)

the delay would substantially prejudice the public corporation in its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d 870, 872 [2015]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). "A petition for leave to serve a late notice of claim is addressed to the sound discretion of the court" (*Matter of Harper v City of New York*, 69 AD3d 939, 940 [2010]; *see Nurena v Westchester County*, 120 AD3d 781, 781 [2014]).

Here, the appellants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, as demonstrated by an accident report prepared at the construction site immediately after the accident, an email summary of the accident addressed to DEP employees, and Grande's sworn statements showing that the DEP had one or more safety inspectors present at the construction site at the time of the accident (*see Matter of Joy v County of Suffolk*, 89 AD3d 1025, 1026 [2011]; *Matter of Nurse v City of New York*, 87 AD3d 543, 543 [2011]; *cf. Platt v New York City Health & Hosps. Corp.*, 105 AD3d 1026, 1028 [2013]). Furthermore, the appellants would not be substantially prejudiced in their ability to maintain a defense. Although the petitioners failed to provide a reasonable excuse for failing to timely serve a notice of claim, under the circumstances of this case, that is not fatal to the petition (*see Matter of McLeod v City of New York*, 105 AD3d 744, 745 [2013]). Accordingly, the Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc.

"[A] motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (*Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437] [2007]; *see* CPLR 3211 [e]; *Bazile v City of New York*, 94 AD3d 929, 930-931 [2012]). A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (*see Bazile v City of New York*, 94 AD3d at 931). Contrary to the appellants' contention, they failed to present "new facts not offered on the prior motion that would change the prior determination" (*Worrell v Parkway Estates, LLC*, 43 AD3d at 437; *see Fitzsimons v Brennan*, 128 AD3d 634, 636 [2015]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellants'

motion for leave to renew their opposition to the petition. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.