◾ MERRIMACK MUTUAL FIRE INSURANCE COMPANY, as Subrogee of Larry Silver and Another, Appellant, v LONG ISLAND POWER AUTHORITY et al., Respondents. (Matter No. 1.) In the Matter of MERRIMACK MUTUAL FIRE INSURANCE COMPANY, as Subrogee of Larry Silver and Another, Appellant, v LONG ISLAND POWER AUTHORITY et al., Respondents. (Matter No. 2.) [41 NYS3d 44]—

In a subrogation action to recover damages for injury to property, and a related proceeding pursuant to General Municipal Law § 50-e to deem a late notice of claim timely served nunc pro tunc, Merrimack Mutual Fire Insurance Company, as subrogee of Larry Silver and Juliette Silver, appeals from an order of Supreme Court, Nassau County (Mahon, J.), entered August 13, 2015, which denied its motion, in effect,

pursuant to CPLR 5015 to vacate so much of an order of the same court entered October 6, 2014, as granted that branch of the defendants' unopposed cross motion which was to dismiss the complaint insofar as asserted against the defendant National Grid.

Ordered that the order entered August 13, 2015, is reversed, on the law and in the exercise of discretion, with costs, the motion of Merrimack Mutual Fire Insurance Company, as subrogee of Larry Silver and Juliette Silver, in effect, pursuant to CPLR 5015 to vacate so much of the order entered October 6, 2014, as granted that branch of the defendants' unopposed cross motion which was to dismiss the complaint insofar as asserted against the defendant National Grid is granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination, on the merits, of that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the defendant National Grid.

Merrimack Mutual Fire Insurance Company (hereinafter Merrimack), as subrogee of Larry Silver and Juliette Silver, commenced this action to recover damages for injury to property against Long Island Power Authority (hereinafter LIPA) and National Grid (hereinafter together the defendants). At or about the same time, Merrimack commenced this related proceeding pursuant to General Municipal Law § 50-e to deem a late notice of claim timely served nunc pro tunc. By order entered May 16, 2014, the Supreme Court denied Merrimack's petition.

Merrimack moved pursuant to CPLR 2221 for leave to reargue the petition. The defendants cross-moved for an order "pursuant to CPLR . . . 3211 (a) dismissing the plaintiff's Complaint for failure to comply with Public Authorities Law § 1020-y (3) and General Municipal Law § 50-e." By order entered October 6, 2014, the Supreme Court denied Merrimack's motion, and decided the cross motion as follows, "[i]n the absence of opposition, the Respondents['] application for an Order pursuant to CPLR . . . 3211 (a) dismissing the plaintiff's Complaint for failure to comply with Public Authorities Law § 1020-y (3) and General Municipal Law § 50-e, is granted."

Merrimack, in effect, moved to vacate so much of the October 6, 2014, order as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against National Grid. Merrimack argued that the defendants did not cross-move to dismiss the complaint insofar as asserted against National Grid, and that the notice of claim statutes did not apply to National Grid. By order entered August 13, 2015, the

Supreme Court denied Merrimack's motion. Merrimack appeals from the order entered August 13, 2015.

"[T]o vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Suede v Suede*, 124 AD3d 869, 871 [2015] [internal quotation marks omitted]; *see Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 557 [2014]).

Under the circumstances, Merrimack demonstrated a reasonable excuse for its failure to oppose dismissal of the complaint insofar as asserted against National Grid because the defendants' papers submitted in support of their cross motion did not clearly seek that relief. The notice of cross motion states that the defendants requested an order "pursuant to CPLR . . . 3211 (a) dismissing the plaintiff's Complaint for failure to comply with Public Authorities Law § 1020-y (3) and General Municipal Law § 50-e." Thus, although the notice of cross motion is not expressly limited to seeking dismissal of the complaint only insofar as asserted against LIPA, the stated grounds for dismissal were notice of claim statutes which apply to LIPA. Further, the attorney's affirmation submitted in support of the cross motion referred only to LIPA, and not to National Grid. For example, the defendants' attorney asserted, "[t]his affirmation is submitted in opposition to petitioner's Motion to Reargue and in support of the within cross motion by the defendant, LIPA, for an Order pursuant to CPLR . . . 3211 (a) dismissing petitioner's Complaint against defendant LIPA." The defendants' attorney argued in the affirmation that "[t]he petitioner failed to serve a timely notice of claim on LIPA in accordance with General Municipal Law §§ 50-e and 50-i and Public Authorities Law § 1020-y." Moreover, the affirmation's "wherefore" clause requested that the court deny the motion for leave to reargue and "grant defendant, LONG ISLAND POWER AUTHORITY's Motion to Dismiss, dismissing the plaintiff's Complaint against this defendant." The cross motion was made in relation to Merrimack's motion for leave to reargue the petition, and that petition sought to deem the "Notice of Claim for damages against Long Island Power Authority as timely."

Additionally, Merrimack demonstrated a potentially meritorious opposition to any request for dismissal of the complaint insofar as asserted against National Grid by arguing that the notice of claim statutes did not apply to National Grid. This opposition to the cross motion is potentially meritorious in light of the defendants' failure to argue or demonstrate, in sup-

port of their cross motion and again on appeal, that the notice of claim statutes applied to National Grid. Further, National Grid is a private entity, not a public authority (*see Heeran v Long Is. Power Auth. [LIPA]*, 141 AD3d 561, 562 [2016]).

Since Merrimack demonstrated that it had a reasonable excuse for its default and a potentially meritorious opposition to the cross motion insofar as it related to National Grid, the Supreme Court should have granted Merrimack's motion, in effect, pursuant to CPLR 5015 to vacate so much of the ordered entered October 6, 2014, as granted that branch of the defendants' unopposed cross motion which was to dismiss the complaint insofar as asserted against National Grid.

We note that Merrimack's contention that the Supreme Court should have granted its petition to deem the notice of claim against LIPA to be timely served nunc pro tunc is not properly before this Court on this appeal, as that issue was not determined in the order entered August 13, 2015 (*see Matter of Padin v Padin*, 103 AD3d 729, 730 [2013]; *Grossman v Amalgamated Warbasse Houses, Inc.*, 21 AD3d 448, 448 [2005]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.