■ In the Matter of Juan A. Cruz, Appellant, v City of New York, Respondent. [52 NYS3d 380]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated June 26, 2015, which denied the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc is granted, and that branch of the petition which was for leave to serve a late notice of claim is denied as academic.

Under General Municipal Law § 50-e (5), in determining whether to grant an extension of time to serve a late notice of

claim, the court must consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672, 675 [2016]; *Matter of Lawhorne v City of New York*, 133 AD3d 856 [2015]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]). Additional factors in determining whether to grant such an extension include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Murray v Village of Malverne*, 118 AD3d at 799; *Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]).

Here, the City of New York acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident, since its employees were directly involved in the accident, and the police accident report gave reasonable notice from which it could be inferred that a potentially actionable wrong had been committed by the City and that the petitioner was injured as a result thereof (*see* Vehicle and Traffic Law § 1104 [b] [2]; *Matter of Lavender v Garden City Union Free School Dist.*, 93 AD3d 670, 671 [2012]; *Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist.*, 90 AD3d 761, 762 [2011]; *Miranda v New York City Tr. Auth.*, 262 AD2d 199 [1999]). Furthermore, the City received a late notice of claim 22 days after the expiration of the 90-day period, which it accepted, and informed the petitioner that it would do its best to investigate and, if possible, settle the claim (*see Brunson v New York City Health & Hosps. Corp.*, 144 AD3d 854, 855-856 [2016]; *Matter of Gershanow v Town of Clarkstown*, 88 AD3d 879, 880 [2011]; *Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]).

Moreover, the petitioner made an initial showing that the City was not substantially prejudiced, since the City acquired timely, actual knowledge of the essential facts constituting the claim through the police accident report and became aware of the negligence claim less than one month after the expiration of the 90-day period (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 467 [2016]; *Brunson v New York*

*City Health & Hosps. Corp.*, 144 AD3d at 856; *Kim L. v Port Jervis City School Dist.*, 77 AD3d 627, 629-630 [2010]). In opposition to the petition, the City provided only its attorney's affirmation, which was insufficient to overcome the petitioner's showing of a lack of substantial prejudice (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]; *Kim L. v Port Jervis City School Dist.*, 77 AD3d at 630).

Although the petitioner did not demonstrate a reasonable excuse for his failure to serve a timely notice of claim and for the delay in filing the petition, the absence of a reasonable excuse for the delays does not bar the granting of that branch of the petition which was to deem the proposed notice of claim timely served nunc pro tunc where, as here, there is actual knowledge and an absence of substantial prejudice (*see Matter of Lavender v Garden City Union Free School Dist.*, 93 AD3d at 671; *Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist.*, 90 AD3d 761 [2011]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 778 [2010]).

Accordingly, that branch of the petition which was to deem the proposed notice of claim timely served nunc pro tunc should have been granted.

In light of our determination, that branch of the petition which was for leave to serve a late notice of claim is academic. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.