■ K.A., a Minor, by Her Parents, D.A. and J.A., et al., Appellants, v WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendant. [54 NYS3d 683]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Rosa, J.), dated December 3, 2015, which denied their motion, inter alia, pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated October 29, 2014, granting the unopposed motion of the defendant Wappingers Central School District to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs failed to serve a timely notice of claim.

Ordered that the order dated December 3, 2015, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the plaintiffs' motion, inter alia, pursuant to CPLR 5015 (a) (1) to vacate the order dated October 29, 2014, is granted.

In November 2012, K.A., a mostly nonverbal 18-year-old with developmental disabilities, was sexually assaulted by the de-

fendant Charles Kane, a bus attendant employed by the defendant Wappingers Central School District (hereinafter the School District), while K.A. was traveling between her parent's home and the residential facility where she lived. The bus attendant eventually pleaded guilty to criminal sexual act in the first degree and was sentenced to eight years in prison.

On February 20, 2013, the plaintiffs, K.A., by her parents, and her parents on their own behalf, served the requisite notice of claim upon the School District. In the notice of claim, they stated that the last act of sexual abuse occurred on November 20, 2012, but they first learned of the abuse on November 26, 2012, after the School District reviewed surveillance video from the bus. The plaintiffs each appeared for a General Municipal Law § 50-h hearing and subsequently commenced this action to recover damages for personal injuries.

The plaintiffs alleged in their complaint that they became concerned about the bus attendant's conduct on November 20, 2012, after speaking with the parent of another student who rode the bus, that the School District reviewed surveillance video from the bus, and that the video revealed that the bus attendant sexually assaulted K.A. The plaintiffs further alleged, among other things, that the School District failed to properly train and supervise its bus drivers and attendants and failed to provide K.A. with a safe environment during transport to and from school.

The School District moved to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs failed to serve a timely notice of claim as required by Education Law § 3813 (2) and General Municipal Law § 50-i. The School District argued that the plaintiffs' claim accrued when the last act of abuse occurred on November 20, 2012, and therefore the notice of claim was untimely served. In support of its motion, the District submitted the complaint, the amended response to the bill of particulars, and the notice of claim. Due to illness, the plaintiffs' counsel did not timely submit opposition papers.

By order dated October 29, 2014, the Supreme Court granted the School District's unopposed motion to dismiss the complaint insofar as asserted against it for failure to timely serve a notice of claim. Thereafter, the plaintiffs moved pursuant to CPLR 5015 (a) (1) to vacate the order or, in the alternative, for leave to serve a late notice of claim. The court denied the motion, concluding that, although the plaintiffs "establish[ed] a reasonable excuse for the failure to oppose defendant's motion," they failed to demonstrate a potentially meritorious opposition to the motion. As pertinent to this appeal, the court determined

that, for purposes of the notice of claim, the plaintiffs' claim accrued at the latest on November 20, 2012, "the latest date that [the bus attendant] is alleged to have had sexual contact with K.A." The court went on to find that the 90-day period in which to file a notice of claim expired on February 18, 2013, and, thus, their notice of claim was served two days late. We reverse.

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Matter of Gastaldi v Gastaldi*, 125 AD3d 657, 658 [2015]; *Santos v Penske Truck Leasing Co.*, 105 AD3d 1029, 1029 [2013]). "A motion to vacate a default is addressed to the sound discretion of the court" (*Vujanic v Petrovic*, 103 AD3d 791, 792 [2013]; *see Santos v Penske Truck Leasing Co.*, 105 AD3d at 1029).

Here, the School District does not take issue with the Supreme Court's determination that the plaintiffs demonstrated a reasonable excuse for their default in opposing the motion. The School District simply argues that the plaintiffs failed to demonstrate a potentially meritorious opposition to the motion. We disagree. Assuming, without deciding, that the plaintiffs failed to timely serve a notice of claim, the plaintiffs nonetheless demonstrated a potentially meritorious opposition by demonstrating circumstances warranting the court's exercise of discretion to grant leave to serve a late notice of claim or have their notice of claim deemed timely served nunc pro tunc (*see* General Municipal Law § 50-e [5]).

To maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days after the claim accrues (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]; *Mosheyev v New York City Dept. of Educ.*, 144 AD3d 645 [2016]; *Matter of Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ.*, 131 AD3d 1063, 1063 [2015]; *Matter of Rodriguez v Woodhull Sch.*, 105 AD3d 1050, 1050 [2013]). As a general matter, "[t]he purpose of the notice of claim requirement is to allow the municipality [or school district] to conduct an investigation of the circumstances surrounding the accident, and to assess the merits of the claim, while information is still readily available" (*Matter of Wertenberger v Village of Briarcliff Manor*, 175 AD2d 922, 923 [1991]; *see Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. [Wager Constr. Corp.]*, 37 NY2d 283, 289 [1975]).

However, as a matter of discretion, and upon consideration of all relevant facts and circumstances, courts may grant

permission to claimants to serve late notices of claim. In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Grande v City of New York*, 133 AD3d 752, 752-753 [2015]; *Claud v West Babylon Union Free Sch. Dist.*, 110 AD3d 663, 664 [2013]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]), and "whether the claimant was an infant, or mentally or physically incapacitated" (Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011]; *see Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d 870, 872 [2015]).

Upon consideration of these factors in the instant case, the Supreme Court improvidently exercised its discretion when it concluded that the plaintiffs did not have a potentially meritorious opposition to the School District's motion to dismiss the complaint for failure to timely serve a notice of claim.

Under the circumstances of this case, the School District acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (*see generally Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d at 872). Pursuant to her individualized education plan (IEP), the School District transported K.A. and hired the bus attendant who sexually assaulted her during the course of his employment. Thus, an employee of the School District was not only "directly involved" in the incident (*Matter of Cruz v City of New York*, 149 AD3d 835, 836 [2017]), but he committed the intentional tortious conduct giving rise to the claim. Further, the School District itself conducted the investigation that yielded the bus attendant's admission of abuse, and reported its findings to the police. In addition, the School District terminated the bus attendant on December 4, 2012, prior to

his conviction. Accordingly, the School District acquired timely, actual knowledge of the essential facts constituting the claim, which enabled it to conduct an appropriate investigation (*see id.; cf. Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 149-150).

With respect to the issue of whether the School District would have been prejudiced by a late notice of claim, the plaintiffs were not required to make an extensive initial showing, merely "some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]). Under the circumstances present here, the fact that the School District acquired actual knowledge of the essential facts constituting the claim within only a few weeks of the abuse, coupled with the fact that the notice of claim was served only two days late, demonstrated that a late notice would not have substantially prejudiced the School District (*see Matter of Cruz v City of New York*, 149 AD3d at 836; *Brunson v New York City Health & Hosps. Corp.*, 144 AD3d 854, 856 [2016]; *cf. Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901, 903 [2008]).

Further, with respect to the claims asserted on behalf of K.A., as distinguished from those asserted by the parents on their own behalf, K.A.'s significant developmental disabilities weigh in favor of granting leave to serve a late notice of claim or deem a late notice served nunc pro tunc (*see* Education Law § 3813 [2-a]; *cf. Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d at 903; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]). The record contains evidence that her NIQ score of 42 fell in the "very poor range of cognitive functioning," that she functioned at a 4th grade learning level, and that she had "no safety awareness or self-preservation skills."

Accordingly, contrary to the Supreme Court's determination, the plaintiffs demonstrated a potentially meritorious opposition to the School District's motion to dismiss the complaint on the ground that the plaintiffs failed to serve a timely notice of claim (*see generally Merrimack Mut. Fire Ins. Co. v Long Is. Power Auth.*, 143 AD3d 953, 955 [2016]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]).

The plaintiffs' remaining contentions need not be reached in light of our determination. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.