Matter of John P. v Plainedge Union Free Sch. Dist. (2018 NY Slip Op 07311)





Matter of John P. v Plainedge Union Free Sch. Dist.


2018 NY Slip Op 07311


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-02568
 (Index No. 606393/16)

[*1]In the Matter of John P., etc., respondent, 
v
Plainedge Union Free School District, et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon,Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellants.
Mangan Ginsberg, LLP, New York, NY (Michael P. Mangan of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 15, 2017, which granted the petition.
ORDERED that the order is affirmed, with costs.
On July 21, 2015, "A.P.," a seven-year-old autistic girl, was left unattended in a school bus parked in a school yard. The temperature at the approximate time of the incident was 87 degrees Fahrenheit. At the time, A.P. was enrolled in a summer program for special education children operated by the Plainedge Union Free School District (hereinafter the School District). A.P. was found by the bus matron approximately 45 minutes after she was due home, wandering in the surrounding neighborhood. Following this incident, A.P. allegedly developed signs of psychological and emotional injuries. On or about September 15, 2016, the petitioner, John P., as father and natural guardian of A.P., commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon, among others, the School District. The Supreme Court granted the petition.
In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1414; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 971; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). The court must also consider "whether the claimant was an infant, or mentally or physically incapacitated" (Education Law § 3813[2-a]; General Municipal Law § 50-e[5]).
Upon considering these factors, the appellants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see K.A. v Wappingers Cent. Sch. Dist., 151 AD3d 828, 831; Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 872). Among other things, the Superintendent of the [*2]School District (hereinafter the Superintendent) and other officials responded directly to and met with the petitioner and A.P. at the scene of the incident; the Superintendent viewed multiple videos of the incident within days of the occurrence; and on August 31, 2015, the President of the Board of Education of the School District engaged in email correspondence with the petitioner regarding the incident.
In light of the appellants' actual knowledge of the essential facts constituting the claim, there is no substantial prejudice to them in maintaining a defense (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455; Matter of Jaffier v City of New York, 148 AD3d 1021, 1023). "[W]here there is actual notice and an absence of prejudice, the lack of reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820, 821; see Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258).
Accordingly, we agree with the Supreme Court's determination granting the petition.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court