■ EDUARDO AYALA et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Orders of the Supreme Court, Bronx County (Lewis R. Friedman, J.), entered on February 21, 1991, and August 8, 1991, respectively, which denied petitioners' motion for leave to file a late notice of claim, and which denied a motion to renew and reargue that prior decision, are unanimously reversed on the law and facts, and in the exercise of discretion, and the motion for leave to file a late notice of claim is granted, without costs or disbursements.

This claim arose out of a May 25, 1990 collision between a New York City Health and Hospitals Corporation (HHC) ambulance and a vehicle driven by petitioner Eduardo Ayala. This accident allegedly caused injuries to Ayala and to infant-petitioners Eileen and Anibal Rios, who were passengers in the vehicle.

On or about October 26, 1990, late notices of claim were served on the respondents and petitioners moved for leave to file a late notice of claim.

The trial court denied the motion for leave to file a late notice of claim as to the adult petitioners Ayala and Arlina Rios, and denied with leave to renew on a proper showing as to the infant-petitioners. The court found that HHC had no actual notice of the events underlying the claim and that no adequate excuse for the delay in serving had been offered. Petitioners moved to renew and reargue the court's order which was denied by the trial court.

Initially, respondents assert that petitioners' claims are not properly before this Court. Concededly, no appeal lies from that part of the IAS Court's second order that denied reargument (see, Cross v Cross, 112 AD2d 62, 64). However, to the extent the second order was a denial of renewal, an appeal is proper from that order (see, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.24).

The trial court improperly exercised its discretion in denying leave to serve the late notice of claim. When considering a motion to extend the time for service, the court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within the 90-day period or within a reasonable time thereafter, and whether, among other things, the delay in service substantially prejudiced the public corporation in defending on the merits (General Municipal Law § 50-e [5]). A satisfactory explanation for the delay is another significant factor (see, Matter of Aviles v New York City Health & Hosps. Corp., 172 AD2d 237, 238).

Respondent HHC had actual knowledge of the events concerning the claim because the HHC ambulance driver performed the acts complained of. HHC was on notice of the circumstances surrounding the collision because the driver, its employee, had first-hand knowledge of them (Schiavone v County of Nassau, 51 AD2d 980, affd 41 NY2d 844). Moreover, the police report of the incident reads in part that "Driver of Vehicle 2 stated he had the green light when above ambulance had struck him". The police officer's notations reveal

that there was an allegation by Mr. Ayala that he was properly proceeding through a green light when the ambulance struck him. Thus, HHC was also aware that petitioner Ayala was assigning fault to the ambulance driver. In addition, HHC does not deny that it was aware of the underlying facts from its own accident reports.

Moreover, HHC has made no showing that information on the accident available to it was substantially different after the short 2-month delay in serving the notice of claim or that it was prejudiced by this short delay (see, Matter of Parco v City of New York, 160 AD2d 581, 583).

HHC's knowledge of the circumstances of the underlying claim, the absence of a showing of prejudice to HHC in defending on the merits, and the explanation given by petitioners for the short delay, furnished a sufficient basis to allow late service of the notice of claim (see, Rosenblatt v City of New York, 160 AD2d 927). Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.