■ In the Matter of MAXINE SCHIFFMAN, Individually and as Administratrix of the Estate of ANTHONY FRANK FERRO,

Deceased, Appellant, v CITY OF NEW YORK, Respondent. [797 NYS2d 450]——

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered January 23, 2004, denying petitioner's application to serve and file a late notice of claim and dismissing the proceeding, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the application granted.

General Municipal Law § 50-e (5) confers upon the court discretion to determine whether to allow filing of a late notice of claim. Factors to be considered include, "whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter" and "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e [5]). While the court has discretion in determining these motions, the statute is remedial in nature and as such should be liberally construed (Camacho v City of New York, 187 AD2d 262 [1992]).

It was an abuse of the motion court's discretion to have denied petitioner's motion. This case involved the actions of the police in response to an alleged assault and ensuing civilian struggle. As such, the City acquired notice of the essential facts based upon the facts that police were called to the scene and were directly involved in all aspects of the claims emanating from the death of petitioner's decedent (Ayala v City of New York, 189 AD2d 632, 633 [1993]). Such knowledge is documented in the individual officers' memo books and official Police Department reports (Johnson v New York City Tr. Auth., 278 AD2d 83 [2000]; Miranda v New York City Tr. Auth., 262 AD2d 199 [1999]). The same circumstances show that respondent was not prejudiced by the delay in filing the notice of claim (see Johnson, supra; Miranda, supra; Goodall v City of New York, 179 AD2d 481 [1992]). Accordingly, we reverse the order appealed and grant petitioner's motion. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.