■ ROSANNA RENELIQUE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [899 NYS2d 232]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 16, 2009, which, in an action for personal injuries sustained in a slip and fall on a floor in defendant's building, denied plaintiff's motion for leave to file a late notice of claim and granted defendant's cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied and the complaint reinstated.

The record shows that plaintiff's fall was witnessed by defendant's employee, who assisted her in getting up from the ground and gave her the telephone number to the management office. The employee also acknowledged that the floor was wet because it was being prepared for waxing.

Plaintiff's excuse for her more than year-long delay in filing a timely notice of claim—that she did not know that defendant owned the building at issue—was not reasonable. However, the lack of a reasonable excuse is not, standing alone, sufficient to deny an application for leave to serve and file a late notice of claim (*see Weiss v City of New York*, 237 AD2d 212, 213 [1997]), where, as here, defendant's employee witnessed the accident (*see Matter of Ansong v City of New York*, 308 AD2d 333 [2003]), and where defendant cannot show that it was prejudiced by the delay (*see Weiss*, 237 AD2d at 213). Defendant's contention that it had no knowledge of the accident since its employee did not file an accident report because he had no reason to believe that plaintiff had been injured is unavailing where defendant had knowledge of the essential facts constituting the claim (*see* General Municipal Law § 50-e [5]). Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.