Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 1, 2013, which denied petitioner’s application for leave to file a late notice of claim, unanimously reversed, on the law, without costs, and the motion granted.
General Municipal Law § 50-e (5) confers upon the court “the discretion to determine whether to grant or deny leave to serve a late notice of claim within certain parameters” (Matter of Porcaro v City of New York, 20 AD3d 357, 358 [1st Dept 2005]). The statute provides, in pertinent part, that in determining whether to grant an extension of time to serve a notice of claim, a court shall consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within the 90-day period specified in section 50-e (1) “or within a reasonable time thereafter” (§ 50-e [5]). Further, under the statute, the court must take into account all other relevant facts and circumstances, including, among other things, whether the petitioner offered a reasonable excuse for the late notice and whether the delay substantially prejudiced the respondent’s defense on the merits (see id.; Williams v Nas *538 sau County Med. Ctr., 6 NY3d 531, 535 [2006]). The presence or absence of any one factor, however, is not determinative (see Bertone Commissioning v City of New York, 27 AD3d 222, 223-224 [1st Dept 2006]). Moreover, while the court has discretion in determining motions to file late notices of claim, the statute is remedial in nature, and therefore should be liberally construed (Matter of Schiffman v City of New York, 19 AD3d 206, 207 [1st Dept 2005]; Camacho v City of New York, 187 AD2d 262, 263 [1st Dept 1992]).
We find that the motion court improvidently exercised its discretion in denying petitioner’s application. To begin, respondents had actual knowledge of the pertinent facts constituting the claim—namely, that a New York City Police Department vehicle had been involved in a traffic accident with petitioner’s vehicle. Indeed, respondents’ agent, a New York City police officer, was driving the police car involved in the accident (see Renelique v New York City Hous. Auth., 72 AD3d 595, 596 [1st Dept 2010]; Matter of Schiffman, 19 AD3d at 207).
In addition, petitioner attempted to serve the notice of claim only 30 days after expiration of the statutory 90-day period for filing a notice of claim against a municipality. This short delay does not prejudice respondents’ ability to investigate and defend the claim, as such a short passage of time is unlikely to have affected witnesses’ memories of the relevant events. Further, the police report attached to the notice of claim sets forth the name, rank and identity of the officer driving the police car. The brief delay also presents no issue with respect to preserving the condition of physical evidence. Petitioner does not, for example, allege that the traffic light malfunctioned; rather, petitioner simply alleges that the driver of the police vehicle acted negligently.
Finally, even assuming for the sake of argument that petitioner had no reasonable excuse for failing to timely serve the notice of claim, the absence of a reasonable excuse is not, standing alone, fatal to petitioner’s claim (see Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.], 21 AD3d 330, 332-333 [1st Dept 2005]).
Concur—Mazzarelli, J.P, Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.