■ Joseph J. Kellman, an Infant, by His Father and Natural Guardian, John Kellman, Respondent, v Hauppauge Union Free School District et al., Appellants. [991 NYS2d 128]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated July 15, 2013, which granted the plaintiff's cross motion for leave to serve a late notice of claim upon the defendants pursuant to General Municipal Law § 50-e (5) and denied the defendants' motion to dismiss the complaint on the ground that the plaintiff failed to timely serve a notice of claim.

Ordered that the order is affirmed, with costs.

In order to commence a tort action against a municipality, General Municipal Law § 50-e (1) (a) requires a claimant to serve a notice of claim upon that municipality within 90 days after the date that the claim arose (*see Jordan v City of New York*, 41 AD3d 658, 659 [2007]). General Municipal Law § 50-e (5) permits a court, in its discretion, to extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]; *Matter of Lodati v City of New York*, 303 AD2d 406, 406-407 [2003]). Whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter is seen as a factor which should be accorded great weight in determining whether or not to grant leave to serve a late notice of claim (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Matter of Battle v City of New York*, 261 AD2d 614, 615 [1999]; *Matter of Morris v County of Suffolk*, 88 AD2d 956, 956 [1982], *affd* 58 NY2d 767 [1982]). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148).

Other factors a court must consider in determining whether to grant leave to serve a late notice of claim are: (1) whether the claimant was an infant or mentally or physically incapacitated; (2) whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim; and (3) whether the delay would substantially prejudice the public corporation in maintaining its defense (*see* General Municipal Law § 50-e [5]; *Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901 [2008]; *Jordan v City of New York*, 41 AD3d at 659; *Matter of Lodati v City of New York*, 303 AD2d at 407). The presence or absence of any one of these factors is not necessarily determinative (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d at 759; *Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938, 939 [1994]).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the infant plaintiff's cross motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. Two weeks before the injury at issue, the infant plaintiff sustained an ankle injury at school. The injury was tended to by the school nurse

and documented in the school records. In connection with that first injury, the infant plaintiff wore a visible air cast on his leg, the school made accommodations for his injury, and the infant plaintiff did not participate in gym or sports activities. Moreover, the defendants had in their possession a note from the infant plaintiff's doctor, dated the same day as the first injury, advising that the infant plaintiff should not participate in sports until a reevaluation on April 20, 2012. For almost two weeks, the baseball coach, an employee of the defendants, refused to allow the infant plaintiff to participate in practice. However, before the scheduled reevaluation had occurred, the baseball coach directed the infant plaintiff to act as goalie in a "handball" game during baseball practice, and the coach was present when the infant plaintiff fell and injured his shoulder during that game. That day, the coach filled out an accident report which was subsequently signed by the school nurse and the principal and retained in the school records. The following day, the school nurse sent out email communications to other staff members, including the baseball coach, about the infant plaintiff's injury and the doctor's note. The coach also admitted to the infant plaintiff's father that he had allowed the infant plaintiff "to play goalie during the game and [he] shouldn't have" and told the infant plaintiff that "he will definitely get fired for what happened." Accordingly, the defendants had actual knowledge of the essential facts underlying the legal theories on which liability is predicated well within the 90-day statutory period (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 735 [2008]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Matter of Schiffman v City of New York*, 19 AD3d 206, 207 [2005]; *Ayala v City of New York*, 189 AD2d 632, 633 [1993]; *see also Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]), and any failure by the defendants to further inquire is not attributable to the late notice of claim (*see Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d 1113, 1114 [2007]).

Furthermore, by demonstrating that the defendants acquired timely knowledge of the essential facts of the claim, the infant plaintiff met his initial burden of establishing a lack of substantial prejudice to the defendants (*see Jordan v City of New York*, 41 AD3d at 660; *Gibbs v City of New York*, 22 AD3d at 719; *Matter of Schiffman v City of New York*, 19 AD3d at 207; *see also Williams v Nassau County Med. Ctr.*, 6 NY3d at 539). The defendants' conclusory assertion that they will be unable to investigate the infant plaintiff's claims due to the passage of time was insufficient to overcome the plaintiff's showing of a lack of substantial prejudice (*see Jordan v City of New York*, 41

AD3d at 660; *Gibbs v City of New York*, 22 AD3d at 720). The defendants failed to establish how they will be unable to investigate the infant plaintiff's claims due to the passage of time and presented no evidence that any of the defendants' employees or other witnesses are unavailable to be interviewed and questioned in connection with the accident (*see Matter of Vitale v Elwood Union Free School Dist.*, 19 AD3d 610, 611 [2005]).

The absence of a reasonable excuse for the infant plaintiff's delay does not bar the court from granting leave to serve a late notice of claim, since here, there is actual notice and an absence of prejudice (*see Matter of Rivera-Guallpa v County of Nassau*, 40 AD3d 1001, 1002 [2007]; *Gibbs v City of New York*, 22 AD3d at 720; *Montero v New York City Health & Hosps. Corp.*, 17 AD3d 550, 550-551 [2005]; *Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]).

Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the cross motion pursuant to General Municipal Law § 50-e (5), for leave to serve a late notice of claim, and denying the defendants' motion to dismiss the complaint. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.