■ In the Matter of YAN PING XU, Appellant, v NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, Respondent. [995 NYS2d 22]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered June 13, 2013, insofar as it denied the petition to, among other things, expunge petitioner's unsatisfactory performance evaluation and reinstate her employment, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to the extent of reinstating

the petition, minus petitioner's whistleblower claim, and remanding the matter to respondent agency for further proceedings consistent with this decision, and otherwise affirmed, without costs.

On June 4, 2007, petitioner was hired as a "City Research Scientist I," a noncompetitive position. Under the governing Personnel Rules and Regulations of the City of New York, which by their terms "have the force and effect of law" (Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶ 2.2), noncompetitive employees are subject to a probationary period of six months unless another period is set by the Commissioner of the Department of Citywide Administrative Services (DCAS) (55 RCNY Appendix A ¶ 5.2.1 [b]). Here, there is no evidence that, during the period of petitioner's employment, the Commissioner of DCAS had altered the default six-month probationary period for the City Research Scientist I position. To the contrary, the record contains a letter from the DCAS Commissioner expressly confirming that "during the period June 30, 2007 to March 16, 2008," "no . . . DCAS document existed" that "provided for a civil service probationary period different than the one specified in [Personnel Rule and Regulation] 5.2.1."

In support of its contention that petitioner was subject to a probationary period of one year, respondent points to provisions of the governing collective bargaining agreement (CBA) and respondent's own termination policy. Even if the CBA could trump Personnel Rule 5.2.1 (b), the CBA provision relied on by respondent does not in any way set forth a probationary period for noncompetitive employees. Although respondent's termination policy, dated March 10, 2008, does purport to provide for a probationary period of one year for City Research Scientists, as noted, Personnel Rule 5.2.1 (b) provides that only the Commissioner of DCAS, and not the head of any other agency, may set probationary periods for noncompetitive employees at something other than six months. Further, respondent has pointed to no provision of law that gives it the authority to establish a different probationary period for noncompetitive employees in petitioner's position. Accordingly, we find that petitioner was subject to a probationary term of only six months. Upon the expiration of that six-month period, petitioner became a permanent employee.

As we noted in petitioner's prior appeal, the Personnel Rules and Regulations of the City of New York "provide a mechanism for 'permanent sub-managerial employees' to appeal unfavorable performance evaluations" to an "appeals board" (*Yan Ping Xu v New York City Dept. of Health*, 77 AD3d 40, 45 [1st Dept

2010], quoting 55 RCNY Appendix A ¶ 7.5.5). We further noted on the prior appeal that "petitioner sought administrative review of her negative evaluation prior to commencing suit," in the form of her "e-mail to her supervisor on May 19, 2008 requesting review of her performance evaluation and a letter to the Bureau of Human Resources on June 18, 2008, also seeking review of her performance evaluation," but "was rebuffed" and "apparently did not receive any response" (77 AD3d at 45). We thus remanded the matter to Supreme Court to determine "whether [petitioner] was given the opportunity to avail herself of the appeals process" provided for in Personnel Rule 7.5.5 (*id.* at 46), and directed that, if on remand it were "determined that she was not, the entire proceeding should be referred back to the agency so that petitioner can be afforded the appropriate internal appeals process" (*id.*).

On remand, respondent itself has expressly confirmed that, far from permitting petitioner to "avail herself of the appeals process" (77 AD3d at 46), it instead took "no action" because of its ostensible belief that petitioner was a probationary employee who "did not have any right to appeal her evaluation or her termination." Accordingly, in accordance with our directive in the prior appeal, we once again remand the matter to respondent for implementation of the appeals process provided for in Personnel Rule 7.5.5.

The article 78 court providently exercised its discretion in declining to grant petitioner leave to serve a late notice of her whistleblower claim (*see* General Municipal Law § 50-e [5]). Petitioner's ignorance of the notice requirement is not a reasonable excuse for the delay (*see Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026, 1026 [2d Dept 2010]). Further, petitioner's April 2008 complaint to the New York City Department of Investigation did not give respondent actual knowledge of the essential facts constituting the claim within the requisite time period (*see Seif v City of New York*, 218 AD2d 595, 596 [1st Dept 1995]). The article 78 court also properly found that respondent was prejudiced by the delay in serving notice, as at least one key employee had relocated to Pakistan and was difficult to reach (*see Baehre v County of Erie*, 94 AD2d 943, 943 [4th Dept 1983]).

In light of our remand to respondent for further consideration of petitioner's claim of unlawful termination (less her whistleblower claim, the dismissal of which we herein affirm), we need not reach any of petitioner's remaining contentions, including those relating to her motions to strike and to compel. Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.