Xu v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
 **Circuit Judges**,
PAMELA K. CHEN,
 **District Judge**.[*]

_____

Yan Ping Xu,

 **Plaintiff-Appellant**,

 v.                                                     14-1671

The City of New York, The New York City Department of Health and Mental Hygiene, Dr. Jane R. Zucker, Dennis J. King, Brenda M. McIntyre,

 **Defendants-Appellees**.

_____

_____

[*] The Honorable Pamela K. Chen, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**                Yan Ping Xu, <u>pro se</u>, Bay Shore, N.Y.

**FOR DEFENDANTS-APPELLEES**
**CITY OF NEW YORK, DEPARTMENT**
**OF HEALTH AND MENTAL HYGIENE,**
**& MCINTYRE:**                Kristin M. Helmers, Janet L. Zaleon, <u>for</u> Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

**FOR DEFENDANTS-APPELLEES**
**ZUCKER & KING:**                Benjamin H. Torrance, Caleb Hayes-Deats, Jessica Jean Hu, Jeannette Anne Vargas, <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, and in part **VACATED** and **REMANDED** for further proceedings consistent with this order.

Yan Ping Xu, <u>pro se</u>, appeals the district court's grant of judgment on the pleadings to the City of New York, the New York City Department of Health and Mental Hygiene, and Brenda M. McIntyre (collectively, the "Municipal Defendants"), and Jane R. Zucker and Dennis J. King (collectively, the "Federal Defendants"). <u>See</u> Fed. R. Civ. P. 12(c). The court dismissed Xu's employment discrimination, retaliation, and constitutional claims on the basis of sovereign immunity, res judicata, collateral estoppel, and failure to state a claim. We assume

2

the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm in part and, in part, vacate and remand.

Xu alleges that she was employed as a City Research Scientist, working for the Vaccines for Children Program within the Division of Disease Control, which is part of the New York City Department of Health and Mental Hygiene.   The Vaccines for Children Program is a federally funded program.   Xu was supervised both by the Municipal Defendants and the Federal Defendants, who were employed by the Centers for Disease Control and Prevention and "detailed" to assist the Municipal Defendants in implementing the Vaccines for Children Program.   See 42 U.S.C. § 215(b).

We review de novo a district court's dismissal of a complaint pursuant to Rule 12(c), and "employ the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)."   Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks and alteration omitted).   We construe Xu's complaint liberally, accept its factual allegations as true, and draw all reasonable inferences in her favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).   To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   The assumption that allegations contained in the complaint are true is "inapplicable to legal conclusions."   Id.

1. Discrimination and Retaliation Claims Against the Federal Defendants

As the district court ruled, Xu cannot assert a claim against the Federal Defendants in their official capacities pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.   The Supreme Court has instructed: "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.   Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."   Lane v. Pena, 518 U.S. 187, 192 (1996) (internal citations

3

omitted).  This principle and the text of Title VII lead to the conclusion that the waiver of sovereign immunity is limited to suits brought by an employee of the federal government (or an applicant for such employment).  See Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30 (1976); see also Cnty. of Suffolk v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (waiver of sovereign immunity must be "unequivocally expressed" (internal quotation marks omitted)).  Xu, who alleges that she was a City employee, therefore cannot maintain a suit against the Federal Defendants in their official capacities under Title VII.

Xu also cannot assert claims against the Federal Defendants pursuant to 42 U.S.C. §§ 1981, 1983 or 1985 because, as alleged in Xu's complaint, the Federal Defendants were not acting under color of state law.  See Arar v. Ashcroft, 585 F.3d 559, 568 (2d Cir. 2009) (in banc) ("[S]ince federal officials typically act under color of *federal* law, they are rarely deemed to have acted under color of state law." (internal quotation marks omitted)).

The Supreme Court has, however, recognized that "the Fifth Amendment confers . . . a constitutional right to be free from illegal discrimination" and that Title VII "leaves undisturbed whatever remedies [plaintiff] might otherwise possess." Davis v. Passman, 442 U.S. 228, 236, 247 (1979).  Accordingly, suit against the Federal Defendants in their individual capacities would be a potential avenue for relief.  See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 390 (1971). However, we conclude that the allegations in Xu's amended complaint are insufficient to state a claim against the Federal Defendants in their individual capacities, and we therefore affirm dismissal.  See Iqbal, 556 U.S. at 683 (requiring factual allegations "sufficient to plausibly suggest" the Federal Defendants acted with a "discriminatory state of mind").

2.  The Section 75-b Claim

The court properly dismissed Xu's claim that the Federal Defendants fired her in violation of N.Y. Civ. Serv. Law § 75-b for speaking out about the alleged inaccuracy of survey data.  To the extent the claim is brought against the Federal Defendants in their official capacities, it is barred by sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity

4

shields the Federal Government and its agencies from suit.").   Moreover, § 75-b "does not apply separately to individual public employees where the pertinent governmental entity is also sued."   Frank v. State, 86 A.D.3d 183, 188 (N.Y. App. Div. 2011).   And the dismissal of this claim was specifically affirmed by the New York Appellate Division.   See Xu v. N.Y.C. Dep't of Health & Mental Hygiene, 121 A.D.3d 559, 561 (N.Y. App. Div. 2014).   So, as the district court ruled, collateral estoppel bars the § 75-b claim as to all defendants.

### 3. First Amendment Retaliation

"[T]he First Amendment protects a public employee from retaliation by his or her employer for the employee's speech only if the employee speaks (1) as a citizen (2) on a matter of public concern."   Singer v. Ferro, 711 F.3d 334, 339 (2d Cir. 2013) (internal quotation marks omitted).   "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."   Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).   Xu alleged that she suffered retaliation for reporting inaccuracies in survey data. Because Xu made the report pursuant to her official duties, she was not speaking as a citizen for First Amendment purposes.   See id.   Dismissal of her First Amendment retaliation claims is affirmed.

### 4. Collective Bargaining Law Claim

Although the Appellate Division did not specifically address Xu's Collective Bargaining Law claim, language in the Appellate Division's opinion makes clear that, except with respect to the bases specified, the judgment was "otherwise affirmed."   See Xu, 121 A.D.3d at 560.   Accordingly, we affirm the district court's holding that this claim is barred by collateral estoppel.

### 5. Remaining Claims

The district court ruled that Xu's remaining claims were barred by preclusion

doctrines.[1]  "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state-court judgments the same preclusive effect as they would receive in courts of the same state."  Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist., 411 F.3d 306, 310 (2d Cir. 2005).  Under New York law, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action."  Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195 (2d Cir. 2010) (internal quotation marks and alteration omitted).  Res judicata bars successive litigation only where the cause of action that is the basis for the subsequent claim has already been subject to "a judgment on the merits rendered by a court of competent jurisdiction."  People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122 (2008).  "[T]he pendency of an appeal from [a] judgment does not alter the finality or enforceability of that judgment," Aaron v. Aaron, 2 A.D.3d 942, 944 (N.Y. App. Div. 2003), "unless and until it is overturned," Da Silva v. Musso, 76 N.Y.2d 436, 440 (1990).  But, "[a] judgment vacated or set aside has no preclusive effect."  Sheldon v. Khanal, 396 F. App'x 737, 739 (2d Cir. 2010) (summary order) (quoting Stone v. Williams, 970 F.2d 1043, 1054 (2d Cir. 1992)).

The Appellate Division affirmed the dismissal of the Plenary Action, but, in doing so, it altered the basis of the judgment.  It ruled that at the time of the decision, the Plenary Action was correctly deemed to be collaterally estopped by the judgment in Xu's original Article 78 proceeding, but that the intervening reversal of that judgment removed its preclusive effect.  Xu v. City of New York, 82 A.D.3d 559, 559 (N.Y. App. Div. 2011).  Nevertheless, the Appellate Division ruled that "dismissal of the [Plenary Action was] warranted pursuant to CPLR 3211(a)(4), because of the pending [reinstated Article 78] proceeding . . . ."  Id.  Discretionary dismissal of duplicative litigation is authorized by N.Y. C.P.L.R. 3211(a)(4) when

---

[1] The district court declined to give claim preclusive effect to the Article 78 proceeding because it was unclear that the full measure of relief sought in Xu's federal action had been available in that proceeding.  See Vargas v. City of New York, 377 F.3d 200, 205 (2d Cir. 2004) ("New York's claim preclusion rule does not apply because a state court entertaining an Article 78 proceeding does not have the power to award the full measure of relief available in subsequent section 1983 litigation.").  But the Plenary Action was not limited in the relief available.

another lawsuit is pending between the same parties concerning the same cause of action.   However, such a dismissal is not a judgment on the merits, <u>see</u> David D. Siegel, N.Y. Prac. § 325 (5th ed.), Note 3 & n.14, and therefore lacks claim preclusive effect, <u>see</u> <u>Applied Card Sys.</u>, 11 N.Y.3d at 122.

When the district court invoked the issue preclusion doctrine, the Appellate Division had yet to reverse the dismissal of Xu's reinstated Article 78 proceeding, and the district court could not have anticipated this development.   Nevertheless, we are compelled to vacate the district court's decision insofar as its preclusion determination rested on the reversed state court judgment.   <u>Stone</u>, 970 F.2d at 1054. Moreover, the district court failed to revisit the question whether the Plenary Action could be given claim preclusive effect in light of the Appellate Division's intervening affirmance of its dismissal on a non-merits ground.   Following the Appellate Division's affirmance, there was no longer a judgment on the merits in the Plenary Action.   The district court therefore erred in dismissing Xu's claims on res judicata grounds.

* * *

We have considered all of Xu's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** in part, and in part **VACATE** and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7