Matter of Dominguez v City Univ. of N.Y. (2018 NY Slip Op 08084)





Matter of Dominguez v City Univ. of N.Y.


2018 NY Slip Op 08084


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7711N 153458/17

[*1] In re Jose R. Dominguez, Claimant-Appellant,
v
City University of New York, et al., Respondents-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Dopf, P.C., New York, (Martin B. Adams of counsel), for respondents.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered June 5, 2017, which denied petitioner's motion to deem the notice of claim served upon respondents timely filed, nunc pro tunc, unanimously modified, on the law, the facts and in the exercise of discretion, to grant petitioner's motion as against respondent City University Construction Fund (CUCF), and otherwise affirmed, without costs.
"[I]n determining whether to grant an extension of time to serve a notice of claim, a court shall consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within the 90-day period specified in [General Municipal Law] section 50-e(1) or within a reasonable time thereafter" (Matter of Thomas v City of New York, 118 AD3d 537, 537 [1st Dept 2014] [internal quotation marks omitted]). "Further, under the statute, the court must take into account all other relevant facts and circumstances, including, among other things, whether the petitioner offered a reasonable excuse for the late notice and whether the delay substantially prejudiced the respondent's defense on the merits" (id.).
Petitioner's motion to deem the notice of claim served upon CUCF timely filed, nunc pro tunc, should have been granted. CUCF acquired actual notice of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day statute of limitations period due to the fact that petitioner filed his notice of claim only one day late, on the 91st day after the accident occurred. Moreover, the notice of claim provides the essential facts constituting the claim and further describes CUCF's alleged negligence and alleged violations of Labor Law §§ 240(1), 241(6) and 200, and certain Industrial Code provisions.
Additionally, petitioner has demonstrated that his one-day delay in serving the notice of claim on CUCF did not substantially prejudice CUCF's defense on the merits. CUCF had actual knowledge of the facts constituting petitioner's claim only one day after the expiration of the 90-day statutory period and thus, had ample opportunity to conduct a thorough investigation. CUCF's conclusory statement that it did not have an opportunity to conduct an investigation because it was not able to preserve potential evidence or interview witnesses while their memories and recollections were fresh is insufficient to demonstrate prejudice as CUCF fails to explain how a one-day delay in the filing of the notice of claim, as opposed to a filing on the 90th day, deprived it of the opportunity to investigate. Moreover, in a case where the delay in filing the notice of claim was 30 days, this court held that "[t]his short delay does not prejudice respondents' ability to investigate and defend the claim, as such a short passage of time is unlikely to have affected witnesses' memories of the relevant events" (Thomas, 118 AD3d at 538).
Even if petitioner's excuse for the delay in filing the notice of claim, specifically, that such delay was due to a clerical error made by the process server, was unreasonable, "the absence of a reasonable excuse is not, standing alone, fatal to the application," especially in a case such as this one where respondent had actual notice of the essential facts constituting petitioner's claim and where respondent was not prejudiced by the delay (Matter of Porcaro v City of New York, 20 [*2]AD3d 357, 358 [1st Dept 2005]).
Finally, petitioner's request that we deny the portion of his motion as against respondents City University of New York and Hunter College without prejudice to renew before the Court of Claims is denied. Initially, petitioner failed to preserve the issue by not seeking the requested relief before Supreme Court (see Pulliam v Deans Mgt. of N.Y., Inc., 61 AD3d 519, 520 [1st Dept 2009]). Further, the applicable two-year statute of limitations to seek leave to file a late notice of claim against CUNY or Hunter in the Court of Claims does not expire until January 3, 2019 and there is nothing preventing petitioner from filing such an application in that court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK