Matter of Mercedes v City of New York (2019 NY Slip Op 01487)





Matter of Mercedes v City of New York


2019 NY Slip Op 01487


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8400N 154882/17

[*1] In re Dauly Mercedes, Petitioner-Appellant,
v
City of New York, Respondent-Respondent.


Mitchell Dranow, Sea Cliff, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Cassandra Rohme of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered November 14, 2017, which denied petitioner's application for leave to serve a late notice of claim and dismissed the proceeding, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the application reinstated and granted, and the notice of claim deemed timely filed nunc pro tunc.
In support of his application, filed about three months after the 90-day statutory period elapsed, petitioner submitted an affidavit averring that he was injured by the sudden malfunction of weight lifting equipment in a recreation center owned by the City, and that an employee of the center assisted him and prepared an accident report, which petitioner signed. Through a clerical oversight, petitioner's attorneys did not immediately mark petitioner's case as one for which a notice of claim was a prerequisite.
In considering whether to grant an application for leave to file a late notice of claim under General Municipal Law § 50-e (5), courts are required to consider whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter," and "all other relevant facts and circumstances," including "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits," the length of the delay, and whether there was a reasonable excuse for the delay (id.; see Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401 [1st Dept 2018]). The purposes of a notice of claim are "on the one hand protecting municipal defendants from stale or frivolous claims, and on the other hand, ensuring that a meritorious case is not dismissed for a ministerial error" (Goodwin v New York City Hous. Auth., 42 AD3d 63, 66 [1st Dept 2007] [internal quotation marks omitted]). In light of the policies underlying General Municipal Law § 50—e(5), the statute is to be liberally construed to achieve its remedial purposes (Matter of Thomas v City of New York, 118 AD3d 537, 538 [1st Dept 2014]).
Assuming that the law firm's clerical error was not a reasonable excuse, " [t]he absence of a reasonable excuse is not, standing alone, fatal to the application,'" where the municipal respondent had actual notice of the essential facts constituting the claim and was not prejudiced by the delay (Matter of Dominguez v City Univ. of N.Y., 166 AD3d 540, 541 [1st Dept 2018]; Renelique v New York City Hous. Auth., 72 AD3d 595, 596 [1st Dept 2010]). Here, petitioner's affidavit stating that he signed an incident report prepared by respondent's employee shortly after the accident, and that the weightlifting equipment was repaired a few months later, demonstrate prima facie that respondent received actual notice of the pertinent facts underlying his claim, if not the negligence claim itself, which supports a "plausible argument" that the City will not be substantially prejudiced in investigating and defending the claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]; Renelique, 72 AD3d at 596; Matter of Toro v New York City Hous. Auth., 182 AD2d 358, 358 [1st Dept 1992]).
The burden thus shifted to the City, which possesses the relevant information concerning its own knowledge, to make "a particularized evidentiary showing" that it would be substantially prejudiced if the late notice were allowed (Newcomb, 28 NY3d at 467). Here, the City did not deny the existence of the incident report or submit any evidence, but simply asserted that the delay will prejudice its investigation due to fading memories and the possible changed condition of the equipment, which is insufficient to demonstrate prejudice (see Matter of Thomas, 118 AD3d at 538; Renelique, 72 AD3d 596; Braiman v New York City Hous. Auth., 169 AD2d 450 [1st Dept 1991]). Accordingly, in light of the relatively short delay in giving notice of claim and the absence of any record evidence showing that the City would be substantially prejudiced in defending and investigating the claim, we exercise our discretion to grant the application (see Matter of Newcomb, 28 NY3d at 465; see generally Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 602 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK