Matter of Sproule v New York Convention Ctr. Operating Corp. (2020 NY Slip Op 01015)





Matter of Sproule v New York Convention Ctr. Operating Corp.


2020 NY Slip Op 01015


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11017N 156972/18

[*1] In re James Sproule, et al., Petitioners-Appellants,
v
New York Convention Center Operating Corporation, et al., Respondents-Respondents.


Hach & Rose, LLP, New York (Michael A. Rose of counsel), for appellants.
Kennedys CMK LLP, New York (Michael R. Schneider of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 13, 2018, which denied petitioners' application for leave to serve a late notice of claim, unanimously reversed, on the law, without costs, and the motion granted.
The court improvidently exercised its discretion in denying petitioners leave to file a late notice of claim in this action where petitioner James Sproule alleges that he was injured when he was struck by a scissor lift that was being operated by an employee of respondent New York Convention Center Operating Corp. Approximately six months after petitioner's accident, petitioners commenced this proceeding for leave to file a late notice of claim pursuant to General Municipal Law § 50-e. In determining whether to grant an extension, the key factors to consider are: (1) "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame"; (2) "whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter"; and (3) "whether the delay would substantially prejudice the municipality in its defense" (Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.], 69 AD3d 441, 442 [1st Dept 2010], lv denied 15 NY3d 711 [2010] [internal quotation marks omitted]; see also General Municipal Law § 50-e[5]). "The presence or absence of any one factor, however, is not determinative" (Matter of Thomas v City of New York, 118 AD3d 537, 538 [1st Dept 2014]).
Here, although petitioners failed to offer any reasonable excuse for their failure to timely serve a notice of claim, this failure is not, standing alone, fatal (id.). Indeed, petitioners sufficiently demonstrated that respondents acquired actual notice of the event within a reasonable time thereafter, and that respondents would not be substantially prejudiced in their defense by the delay. Specifically, there is a surveillance video of the accident, which York Risk Services Group, the claims administrator for the Javits Center acknowledged having in its possession approximately six months after the accident. Moreover, the operator of the lift that injured petitioner was employed by respondents.
In addition, the correspondence between York and Continental Insurance Company, the underwriter for CNA US Marine Claim, which was the insurance carrier for nonparty National Marine Manufacturers Association, who leased the space at the Javits Center for the New York Boat Show where plaintiff was injured, suggests that as of February 2018, only one month after plaintiff's accident, respondents' insurers were aware that the claims administrator anticipated that petitioner would be asserting a claim based on the January 22, 2018 incident. In opposition to petitioners' motion, respondents failed to come forward with any evidence showing that it would suffer any specific prejudice if petitioners were permitted to file a late notice of claim. Our conclusion is further supported by the relatively short delay in petitioners' moving for leave to file a late notice of claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK