M. S. v Rye Neck Union Free Sch. Dist. (2023 NY Slip Op 00343)

M. S. v Rye Neck Union Free Sch. Dist.

2023 NY Slip Op 00343

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-05517
 (Index No. 63594/18)

[*1]M. S., etc., et al., appellants, 
v
Rye Neck Union Free School District, respondent.

Antin, Ehrlich & Epstein, LLP, New York, NY (Jeffrey S. Antin and Samuil Serebryanyy of counsel), for appellants.
Sokoloff Stern, LLP, Carle Place, NY (Brian S. Sokoloff, Vernée C. Pelage, and Gina Fortunato of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated February 24, 2020. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated October 15, 2019, in effect, denying that branch of the plaintiffs' motion which was for leave to serve a late notice of claim by the infant plaintiff with respect to incidents that occurred from June 13, 2016, to May 31, 2017.
ORDERED that the order dated February 24, 2020, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, so much of the order dated October 15, 2019, as, in effect, denied that branch of the plaintiffs' motion which was for leave to serve a late notice of claim by the infant plaintiff with respect to incidents that occurred from June 13, 2016, to May 31, 2017, is vacated, and thereupon, that branch of the plaintiff's motion is granted.
The infant plaintiff allegedly suffered personal injuries from a series of incidents that occurred at his school from June 13, 2016, through November 2017. On or about May 16, 2018, an untimely notice of claim (hereinafter the May 16, 2018 notice of claim) was served upon the defendant, Rye Neck Union Free School District (hereinafter the School District). Following hearings pursuant to General Municipal Law § 50-h, the infant plaintiff, and his mother suing individually and derivatively, commenced this action against the School District.
The plaintiffs moved for leave to serve a late notice of claim, or to deem the May 16, 2018 notice of claim to be timely served nunc pro tunc. In an order dated October 15, 2019, the Supreme Court granted the motion only to the extent of allowing the plaintiffs to serve a late notice of claim based upon incidents occurring on or after May 31, 2017, and, in effect, denied that branch of the motion which was for leave to serve a late notice of claim with respect to incidents that occurred from June 13, 2016, to May 31, 2017. The court found that the plaintiffs had demonstrated that the School District had actual notice of the essential facts underlying the claim within the statutory period, as school officials were provided with "detailed accounts" of the conduct to which the infant plaintiff was subjected, and that the School District was not prejudiced by the delay in serving a notice of claim. Nonetheless, the court concluded that any of the claims that accrued prior [*2]to May 31, 2017, would be time-barred by General Municipal Law § 50-i(1).
The plaintiffs moved for leave to reargue that branch of their motion which was for leave to serve a late notice of claim by the infant plaintiff with respect to the incidents that occurred from June 13, 2016, through May 31, 2017. In an order dated February 24, 2020, the Supreme Court, inter alia, upon reargument, adhered to its prior determination, in effect, denying that branch of the plaintiffs' motion. The plaintiffs appeal.
Generally, in order to commence an action sounding in tort against a school district, a plaintiff must file a notice of claim within 90 days after the claim arises (see Education Law § 3813[2]; General Municipal Law § 50-e[1][a]). Courts have the discretion to extend that period of time, upon consideration of certain factors (see General Municipal Law § 50-e[5]), but that discretion is limited by General Municipal Law § 50-i(1)(c), which operates as a statute of limitations, requiring that a claim be filed within one year and ninety days after the happening of the event upon which the claim is based (see Campbell v City of New York, 4 NY3d 200, 201-202; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 258-259).
Where the claim would not be time-barred, the court must consider certain relevant factors in determining whether or not to grant discretionary relief, including whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured party was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of C.N. v City of New York, 208 AD3d 784, 785).
Here, the Supreme Court properly considered these relevant statutory factors, particularly the plaintiffs' showing that the School District had actual knowledge of the facts underlying the claim within the statutory period of time and that it would not be substantially prejudiced by the delay (see Matter of D.D. v Vill. of Great Neck, 161 AD3d 861, 862-863; Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d 634, 635-636; Claud v West Babylon Union Free Sch. Dist., 110 AD3d 663, 664-665; Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010). The nexus between a claimant's infancy and the failure to serve a timely notice of claim is among the discretionary factors a court may consider (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 151), but its absence is not fatal to a claim (see Williams v Nassau County Med. Ctr., 6 NY3d at 538).
Separate from those discretionary considerations is the distinct question of whether the claim or cause of action would be time-barred by General Municipal Law § 50-i(1)(c). Here, the Supreme Court erred in concluding that any claim by the infant plaintiff based upon incidents that occurred prior to May 31, 2017, would be time-barred. CPLR 208 tolls a statute of limitations for the period of infancy, including the limitation set forth in General Municipal Law § 50-i(1)(c) (see Henry v City of New York, 94 NY2d 275, 278; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256; see also Campbell v City of New York, 4 NY3d 200). It is undisputed that the infant plaintiff was an infant at the time of the events underlying this action and at the time that the action was commenced.
Under the circumstances, the Supreme Court erred by, in effect, denying that branch of the plaintiffs' motion which was for leave to serve a late notice of claim by the infant plaintiff with respect to incidents that occurred from June 13, 2016, to May 31, 2017.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court