Matter of Braddy v New York City Hous. Auth. (2025 NY Slip Op 05035)

Matter of Braddy v New York City Hous. Auth.

2025 NY Slip Op 05035

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 155057/24|Appeal No. 4722|Case No. 2024-06491|

[*1]In the Matter of Jeremy Braddy, Petitioner-Appellant,
v
New York City Housing Authority, Respondent-Respondent.

Rosenbaum & Rosenbaum, P.C., New York (Justine B. Uy of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 13, 2024, which denied petitioner's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying petitioner's motion for leave to serve a late notice of claim approximately 22 days after the 90-day limitations period expired (see General Municipal Law § 50-e[1], [5]; Matter of Newcomb v Middle Country Cent. School Dist., 28 NY3d 455, 465 [2016]; see also Matter of Richardson v New York City Hous. Auth., 136 AD3d 484 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). Petitioner did not meet his burden to show a reasonable excuse for his delay in filing a notice of claim against defendant New York City Housing Authority (NYCHA) or that NYCHA had acquired actual knowledge of the essential facts constituting his claim within a reasonable time thereafter (see Matter of Sproule v New York Convention Ctr. Operating Corp., 180 AD3d 496, 497 [1st Dept 2020]). Petitioner's argument that he, on two different occasions, mistakenly informed his counsel that his accident occurred a month later than it did, and that his counsel then relied upon such mistaken date and did not serve a notice a claim within the applicable 90-day limitations period, is not a reasonable excuse.
Petitioner also failed to submit any evidence to show that NYCHA acquired actual knowledge of the facts constituting his negligence claim within 90 days of the accident or a reasonable time thereafter. Petitioner's proposed notice of claim and his affirmation in support of the motion for leave to file a late notice of claim did not set forth facts that demonstrate a connection between his claimed slip-and-fall on a liquid substance in the hallway of NYCHA's residential building and any alleged negligence on the part of NYCHA that would allow NYCHA an opportunity to investigate the claim (see Cassidy v New York City Tr. Auth., 238 AD3d 484, 485 [1st Dept 2025]; Alexander v New York City Tr. Auth., 200 AD3d 509, 510 [1st Dept 2021]). Petitioner acknowledges that the liquid condition was transient, and he offered no facts to suggest that the liquid substance was dirty and remained on the floor for a sufficient period to indicate that NYCHA had notice of the condition and an opportunity to remedy it. Moreover, petitioner's proposed notice of claim and his affirmation do not identify the specific location where the liquid substance was located.
In view of the foregoing, the issue of whether NYCHA has been substantially prejudiced by the delay need not be reached (see Matter of Gonzalez v City of New York, 127 AD3d 632, 634 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025