Matter of Aguilera v City of New York (2025 NY Slip Op 05185)

Matter of Aguilera v City of New York

2025 NY Slip Op 05185

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 801703/24|Appeal No. 4791|Case No. 2024-02059|

[*1]In the Matter of Kelvin Aguilera, Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.

Kenneth J. Gorman, New York, for appellant.
Ropers Majeski, PC, New York (Henry L. Liao of counsel), for New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority and Metropolitan Transportation Authority, respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for City of New York, respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 14, 2024, which denied petitioner's motion for leave to file and serve a late notice of claim, unanimously affirmed, without costs.
In this personal injury action, Supreme Court providently exercised its discretion in denying petitioner's motion because petitioner failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (see Matter of Sproule v New York Convention Ctr. Operating Corp., 180 AD3d 496, 497 [1st Dept 2020]). Petitioner's excuse for the 35-day delay is that he was ignorant of the statutory requirement and relied on his prior law firm to protect his legal rights; however, ignorance of the law is not a reasonable excuse (see Matter of Yan Ping Xu v New York City Dept. of Health & Mental Hygiene, 121 AD3d 559, 561 [1st Dept 2014], lv denied 27 NY3d 902 [2016], cert denied 580 US 1052 [2017]). Moreover, petitioner's excuse that his prior law firm failed to act is unavailing (see Matter of Salazar v Metropolitan Transp. Auth., 219 AD3d 1237, 1238 [1st Dept 2023]). Although the failure to proffer a reasonable excuse is not alone fatal to a motion for leave to serve a late notice, an excuse of law office failure is not a reasonable excuse for failing to timely serve a notice of claim (see Colarossi v City of New York, 118 AD3d 612, 612 [1st Dept 2014]).
Petitioner also failed to demonstrate that respondents had actual knowledge of the essential facts of his claim within 90 days of the accident or a reasonable time thereafter, and the proposed notice of claim was insufficiently particular to permit respondents to investigate petitioner's claim. Specifically, the proposed notice of claim was vague regarding the location of the accident, did not state a time of day, did not identify the specific scissor lift on which petitioner was working, or detail the relationship between petitioner and his employer and each respondent. The proposed notice of claim also did not provide information as to whether a defective condition of the lift was a factor in the accident, and if so, the nature of that condition (see O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). The photographs attached to the proposed notice of claim did not fill in the necessary information in that they did not identify the precise accident location or the specific scissor lift that was involved.
Additionally, petitioner failed to show that respondents were not prejudiced by the delay because the vagueness of the proposed notice of claim impeded respondents' ability to locate witnesses and identify and examine the equipment (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]). Because of petitioner's initial failure to show a lack of prejudice, the burden never shifted to respondents (see Nossogona C. v New York City Health & Hosps. Corp., 213 AD3d 407, 408 [1st Dept 2023]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025